# Robison, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Duty to passenger—Passenger alighting during stop between stations—Attempt to board moving train—Contributory negligence—Nonsuit.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, a nonsuit was properly entered where it appeared that deceased left the train voluntarily when it stopped at a water tank between stations; that a half minute after the signal to start was given and when the train was in motion he attempted to board the front step of the car, and while about to seize the hand rail was warned of the danger by the brakeman, who pushed him away; that he ran after the car and fell while again reaching for the hand rail, but was apparently uninjured; that this was the last seen of him until an hour later when his body was found on the track half a mile from the water tank where he had been struck by another train; that he was familiar with the locality and evidently knew why the train had stopped and where he was, and where there was nothing to indicate that he was in a condition that called for unusual care on the part of the trainmen.

Argued Oct. 9, 1914. Appeal, No. 202, Oct. T., 1914, by plaintiff, from judgment of C. P. Washington Co., May T., 1913, No. 81, refusing motion to take off nonsuit in case of Mary Eliza Robison v. Pennsylvania Railroad Company. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assignment of Error—Opinion of the Court. [246 Pa.

Trespass to recover damages for death of plaintiff's husband. Before TELFORD, P. J.

The facts appear by the opinion of the Supreme Court.

The court entered a nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off nonsuit.

*James M. Nevin,* with him *James G. Nevin* and *Harry D. Hamilton,* for appellant.

*James A. Wiley,* of *Wiley & Marriner,* with him *Rufus S. Marriner,* for appellee.

PER CURIAM, October 26, 1914:

The negligence alleged in the statement of claim is that the defendant's employee ejected the plaintiff's husband from a train at a dangerous place between stations and upon tracks on which trains were constantly passing. The proofs were that the plaintiff's husband left the train voluntarily a minute after he had boarded it, at a place where it had stopped at a water tank, and he stood several minutes on the ground near the car from which he had alighted. A half minute after the signal to start had been given and when the train was in motion he attempted to get on the front step of the car. When his hand was extended to seize the hand-rail at the forward end of the car a brakeman who stood on the rear step of the car in front, warned him of the danger, told him to go away or he would get hurt and reached out with one hand and pushed him away. He persisted in his attempt and ran after the car and while reaching for the hand-rail after the car had run a rod he fell but apparently was not injured by the fall. This was the last seen of him until an hour later when his body was found on the tracks, half a mile from the water tank, where he had been injured by another train.

He was familiar with the locality and evidently knew why the train had stopped and where he was, and there was nothing that indicated that he was in a condition that called for unusual care on the part of the trainmen. In preventing him from getting on the car while it was in motion the brakeman was exercising reasonable precaution to save him from injury and there was no ground on which negligence could be imputed to him. The nonsuit was properly entered and the judgment is affirmed.